By the Court.

The plaintiff is entitled to his wages up to the 20th of November, when the vessel arrived at her port of discharge. By going as a volunteer on board the Augustus, he assumed the risk of a longer detention, (a)
ADDITIONAL NOTE.
[See Harris vs. Ive, 1 Har. Woll, 238. — Jessee vs. Roy, 1 C. M. & R. 263.— Sherman vs. Bennett, M. & M. 849. — F. H.]

 [In Brooks vs. Dorr & Al., (2 Mass. Rep. 39,) where the mariner was taken from the ship by the captors, and never returned to the ship after she had been released, but went home as soon as he was able so to do, it was held that he was entitled to his wages until his return home. See Shafford & Al. vs. Dodge Al., 14 Mass. Rep. 72. — Luscomb vs. Prince & Al., 12 Mass. Rep. 576. — In Hooper vs. Perley, (11 Mass. Rep. 545,) and Swift vs. Clark, (15 Mass. Rep. 173,) it was held that the seaman was entitled to his wages from the commencement of the voyage to the last port of delivery, and during half the time of the stay of the ship in that port, she having been afterwards captured. — And see Locke vs. Swan, 13 Mass. Rep. 76. — Moore vs. Jones Al., 15 Mass. Rep. 424.— See Wetmore & Al. vs. Henshaw, 12 Johns. Rep. 324. — Beale vs. Thomson, 3 Bos. & Pul. 430. — 4 East. 546—562. — Chandler vs. Greaves, 2 H. Bl. 606, n. — Bergestrom vs. Mills, 3 Esp. Rep. 36. — The Friends, 4 Rob. Ad. R. 143. — Watson vs. The Rose, 1 Pet. Ad. R. 132. — Girard vs. Ware, 1 Pet. R. 142. — Ed.]